Galloway *v.* Trout,

———•⊚•———

GALLOWAY *et al. v.* TROUT.

In an action on a promissory note where a copy of it is filed with the declaration ao other bill of particulars is required.

No suit should be brought against an estate upon a claim for less than twenty five dollars, until the claim has been presented, as required by statute, to the representative of the estate and payment refused.

A judgment in debt was rendered in an action of assumpsit, and as all other proceedings in the case are regular, it was held that the judgment should not be reversed, but should be corrected conformable to the action.

*Error to Jackson District Court.*

*Opinion by* GREENE, J. An action of assumpsit commenced by Margaret Trout against John Galloway, administrator of the estate of David Young deceased. The suit was commenced on a promissory note, executed by

Young during his life to said Margaret, for the sum of seventy dollars. Judgment against the administrator for the amount of the note.

1. On the trial below it was objected that the note should not be admitted in evidence under the general counts in the declaration because no bill of particulars, except a copy of the note, had been filed with the declaration. In overruling this objection the court decided that a copy of the note was a sufficient bill of particulars. This decision of the court under our statute is correct. It only requires the plaintiff to file his declaration, together with a copy of the instrument of writing or account on which the action is brought. *Rev. Stat.* p. 469, § 6.

2. The defendant below also objected; that he was not liable to an action on the note until it had been presented to the judge of probate for allowance, but the court ruled otherwise.

This objection was founded upon the statute of 1845, § 3, which provides that before any executor or administrator shall allow or pay any debt demanded as due from the deceased, the person claiming such debt shall make affidavit that nothing has been paid in satisfaction of the same except what has been credited, and that the sum demanded is justly due. Section eight of the same act provides that no demand of a less sum than twenty five dollars shall be presented to the court of probate for allowance until after the executor or administrator shall have refused to allow and class the same. It is contended that under section three a party cannot bring suit against the administrator of an estate, until the affidavit is made and the claim presented to the administrator and judge of probate for allowance, as provided by that section. But we can arrive at no such conclusion from our construction of the statute. The affidavit is required chiefly to regulate and limit the power of executors and administrators, in allowing or paying claims against estates; and not as a preliminary act to be done before suits can be instituted upon such claims.

Galloway *v.* Trout.

But according to section eight, demands for less than twenty five dollars should not be allowed by the probate court until they have been presented to the executor or administrator, and the allowance refused. By his section we think the legislature intended that no suit should be brought against an estate in any court, upon a claim for less than twenty five dollars, until after the claim supported by the requisite affidavit, had been presented as required and the allowance refused by the legal representative of the estate. But this regulation does not extend to claims for more than twenty five dollars, and consequently can have no application to the present case, as this suit was brought on a note calling for seventy dollars. In this particular also we think the court below proceeded correctly.

3. Another objection urged is, that the action is in assumpsit, and the judgment in debt. The question arises, will this defect in the form of the judgment, justify this court in reversing proceedings, which in all other particulars appear to have been properly conducted. It is expressly provided by statute, that no judgment shall be impaired or affected for any defect of form contained in the record, entries or other proceeding which might have been amended by the court, in which such judgment was rendered, and that such defects and imperfections shall be supplied and amended by the supreme court. Laws of 1844, p. 9, § 30. And by the next section, this court is authorized to give such judgment, as the district court ought to have given. The defect in question, is one which may, we think, be corrected with great propriety by order of this court. The judgment of the court below, will therefore be amended conformable to the action of assumpsit, and affirmed at the cost of the defendant in error.

Judgment affirmed.

*Wilson & Smith,* for plaintiffs in error.

*Bradley & Bangs,* for defendant.